**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WANDA NELSON, | No. 19-56324 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-10218-JFW-PLA |
| v. | |
| SANTA BARBARA COUNTY SHERIFF'S OFFICE; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| DOES, Santa Barbara County Sheriffs Office Doe Deputies 1-5 and Santa Barbara County Doe Deputy District Attorneys 6-20, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 10, 2021**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN, CALLAHAN, and LEE, Circuit Judges.

Wanda Nelson was a caregiver for Heidi Good, who was dependent on a ventilator to breathe. When the ventilator became disconnected and Heidi died, Nelson was indicted by a grand jury for murder. After a jury acquitted her of the murder charges and her conviction for manslaughter was reversed on appeal, Nelson brought this 42 U.S.C. § 1983 action against the prosecuting attorneys and the county agents who had investigated the crime and prosecuted her. The district court denied Nelson an extension of time in which to conduct discovery and granted summary judgment for the defendants. Nelson filed a timely notice of appeal. Nelson has not shown that additional discovery would have precluded summary judgment or that there are any outstanding material issues of fact. Accordingly, the district court's grant of summary judgment is affirmed.[1]

**1.** Nelson has not shown that the district court abused its discretion in denying her an extension of time in which to conduct discovery. The denial of a Rule 56(d) motion is reviewed for abuse of discretion. *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1009 (9th Cir. 2017). To demonstrate an abuse, Nelson must show that she diligently pursued her discovery opportunities and that allowing additional discovery would have precluded summary judgment. *Panatronic USA v. AT&T*

---

[1] Because the parties are familiar with the facts, we restate only those necessary to explain our decision.

2

*Corp.*, 287 F.3d 840, 846 (9th Cir. 2002). It does not appear that additional discovery would have altered the district court's grounds for granting summary judgment. Therefore the district court did not abuse its discretion in denying her Rule 56(d) motion.

**2.** Nelson has not shown that there is any outstanding material issue of fact on her *Brady* claims. A *Brady* claim requires, at a minimum, the suppression of favorable evidence from the defense at trial that harmed the accused. *See Mellen v. Winn*, 900 F.3d 1085, 1096 (9th Cir. 2018). Nelson alleged *Brady* violations for materials concerning: (a) Heidi's fear of her husband who had grown tired of the financial burden of her care; (b) the ventilator hose on Heidi's respiratory machine becoming disconnected; (c) Nelson's routine practice of leaving Heidi in Heidi's mother's care when Nelson ran errands; and (d) prior problems with the refrigeration units which housed Heidi's body. The district court found that materials concerning the first two areas, although not disclosed to the grand jury, were disclosed and presented at trial. It found that information concerning the refrigeration units was not available until trial and was presented by the defense at trial. The district court found that Nelson was fully aware of her practice of leaving Heidi to run errands outside the home and, thus, there was no *Brady* violation. Nelson's *Brady* claims fail because although she argues that certain materials should have been presented to the grand jury, she does not deny that the

information was available to her at trial. *See United States. v. Williams*, 504 U.S. 36, 53 (1992) (holding that under federal law, the government is not required to present exculpatory evidence to the grand jury).

**3**. Nelson has not shown that there is a material issue of fact on her fabrication of evidence claim. In order to show fabrication based on circumstantial evidence, Nelson must show either that the defendants continued their investigation despite the fact that they knew or should have known she was innocent, or that defendants used investigative techniques that were so coercive and abusive that they were likely to yield false information. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). The California Court of Appeal found that it was reasonable for the defendants to suspect Nelson. *See People v. Nelson*, No. B290806, 2019 WL 2206207 (Cal. Ct. App. May 22, 2019). Nelson cites the differences between Dr. Hawley's testimony before the grand jury and his testimony at trial, as well as Dr. Anthony's assertion that he was pressured to change his view of the cause of death. But even viewing these allegations in a light most favorable to Nelson, they do not show that defendants used coercive or abusive investigative techniques that were likely to create unreliable information.

**4**. Nelson has not shown that there is a material issue of fact concerning her claims that the defendants failed to investigate other suspects. These claims require a demonstration of an agreement or meeting of minds to violate her

4

constitutional rights. *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). Nelson claims that she was denied equal protection because she is African-American. However, the record shows that Heidi's husband was not considered a suspect because he was not home at the time of her death. It also shows that the investigation did not focus solely on Nelson, as both Nelson and Heidi's mother were indicted for the homicide. The record shows that it was reasonable for the defendants to suspect Nelson. *See Nelson*, 2019 WL 2206207.

5. Nelson has not shown that there is a material issue of fact concerning her claim of conspiracy. To establish a claim of conspiracy Nelson had to demonstrate the existence of an agreement or meeting of minds. *See Crowe*, 606 F.3d at 440. As noted, the record shows that Heidi's death was suspicious, and that Nelson was a suspect, but there is nothing in the record to suggest that defendants prosecuted Nelson because of her race.

6. Finally, as we affirm the award of summary judgment on Nelson's claims against the individual defendants, we also affirm the district court's grant of summary judgment against Nelson on her *Monell* claims against the Santa Barbara County Sheriff's Office and the Santa Barbara County District Attorney's Office. *See Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012).

The district court's grant of summary judgment is **AFFIRMED**.[2]

---

[2]      Because we affirm the district court's decision on its merits, we do not address the defendants' claims for immunity.